UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC SAPP, | 1:20-cv-01678-NLH |
| Plaintiff, | **OPINION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**APPEARANCES:**

JENNIFER STONAGE
RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003

 *On behalf of Plaintiff*

ERICA MARIE ADAMS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

 *On behalf of Defendant*

**<u>HILLMAN</u>, District Judge**

 This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social Security

---

[1] DIB is a program under the Social Security Act to provide

Act. 42 U.S.C. § 423, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, June 24, 2015. For the reasons stated below, this Court will reverse that decision so that the Commissioner may determine definitively whether Plaintiff engaged in substantial gainful activity since his alleged disability onset date.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On August 10, 2016, Plaintiff, Eric Sapp, protectively filed an application for DIB,[2] alleging that he became disabled on June 24, 2015. Plaintiff claims that he can no longer work as a data analyst and computer systems engineer because of his degenerative disc disease, status-post cervical fusion, occipital neuralgia with chronic neck pain, migraines, tinnitus, scoliosis, neuropathy of the lower extremities, sleep apnea,

---

disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] A protective filing date marks the time when a disability applicant makes a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the claimant. See SSA Handbook 1507; SSR 72-8.

hypertension, obesity, anxiety, depression, and a traumatic brain injury.

After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ, which was held on November 5, 2018.  On December 27, 2018, the ALJ issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on December 17, 2019, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

## II.  DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S.

389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).

4

Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy

5

itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for DIB**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

6

The Commissioner has promulgated regulations[3] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

---

[3] The regulations were amended effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.

7

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity for work he performed in 2017, but because it was a "temporary job," the ALJ continued with the sequential evaluation process.  The ALJ subsequently found at step two that Plaintiff's various impairments were severe.  At step three, the ALJ determined that Plaintiff's severe impairments or his severe impairments in combination with his other impairments did not equal the severity of one of the listed impairments.  At step four, the ALJ determined that

8

Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions,[4] but that did not include Plaintiff's past relevant work.  At step five, the ALJ considered hearing testimony from a vocational expert ("VE") and determined that Plaintiff was capable of performing other jobs in the national economy, such as an assembler.

Plaintiff presents several arguments as to how the ALJ erred in these considerations.  One argument concerns Defendant's reliance on the ALJ's finding that Plaintiff performed highly skilled work at the substantial gainful activity ("SGA") level during the period he alleges disability to support the ALJ's conclusion that Plaintiff is not disabled. Plaintiff challenges Defendant's defense of the ALJ's conclusion that Plaintiff was not disabled and capable of working based on Plaintiff's work activity in 2017.  Plaintiff argues that Defendant's position is misplaced because that period of employment was an "unsuccessful work attempt" that does not qualify as work at the SGA level, which actually supports a finding that Plaintiff is disabled, rather than the ALJ's

---

[4] See 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

9

opposite conclusion.

The Court finds that the ALJ erred at step one, and both parties' differing interpretations of the ALJ's step one finding evidences the error.[5]

The Social Security Act provides that disability insurance benefits are entitled to:

> Every individual who—
>
> (A) is insured for disability insurance benefits (as determined under subsection (c)(1)),
>
> (B) has not attained retirement age (as defined in section 216(l)),
>
> . . .
>
> (D) has filed application for disability insurance benefits, and
>
> (E) is under a disability (as defined in subsection (d)).

42 U.S.C. § 423(a).

The term "disability" means—

> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A).

---

[5] Because the Court finds that the ALJ erred at step one and the matter must be remanded on that basis, the Court will not consider Plaintiff's challenges to the ALJ's findings for the remaining four steps in the sequential step analysis.

10

Thus, after confirming that the individual satisfies the other (A) through (D) requirements, the law requires that the first step in determining whether an individual is entitled to disability benefits is to find that the individual has not engaged in any substantial gainful activity for twelve months.

Here, in 2017 Plaintiff accepted an 18-month contract to perform work as a computer systems engineer, but he stopped working after six months.  Based on this, the ALJ found:  "The claimant returned to work and earned $29,949 in 2017 (Exhibits 7D-9D & l 1D-13D).  These earnings amount to substantial gainful activity but were from a temporary job.  In light of the ultimate decision of not disabled, I will continue with the sequential evaluation process."  (R. at 14.)

By this statement, the ALJ found that Plaintiff had engaged in work at the SGA level during the previous twelve months.  Nonetheless, the ALJ continued to analyze the remaining four steps because he ultimately concluded that Plaintiff was not disabled as June 24, 2015, as evidenced in part by Plaintiff's SGA-level work in 2017.  This circular reasoning shows why a definitive finding at step one is not only required by the Social Security Act, but is necessary for practical reasons and for considerations of administrative and judicial economy.

11

This Court has previously addressed the relevance of the first step to the overall analysis of a claimant's disability claim, and the impact an error at step one has on the validity of that determination.  In Merendino v. Commissioner of Social Security, 2016 WL 3041849, at *4 (D.N.J. 2016), the ALJ stated, "The undersigned does not make a definitive assessment at this [first] step.  Because the undersigned decided the case on disability grounds, for judicial efficiency, the undersigned does not make a determination whether the claimant's post alleged onset date earnings constitute substantial gainful activity.  Instead, the undersigned assumes, for the purposes of judicial economy, that the work related activity after December 31, 2006 does not constitute substantial gainful activity.  Should this case be returned for additional evaluation, this issue must be revisited and dispositively assessed."

In reversing the ALJ's decision because of his step one determination, this Court found:

> The five-step analysis that an ALJ must employ to assess an individual's claim for disability benefits is sequential for many reasons.  One, it would be a waste of time for an ALJ to painstakingly review a claimant's medical records, hold a hearing, enlist the assistance of a vocational expert, and then write a decision assessing a claimant's impairments and his residual functional capacity to perform work, only to thereafter determine that the claimant did not meet the threshold elements of a proper insured status or a lack of substantial gainful activity

12

> during the preceding twelve months. Similarly, it would be a waste of this Court's time – and amount to an advisory opinion - to determine whether to reverse an ALJ's decision or directly award benefits to the claimant if the claimant is not even entitled to benefits in the first place.[6] Step one performed first purposefully saves administrative and judicial resources.
>
> Another reason for the sequential step analysis is that a finding at step one informs the following four steps. If a claimant was capable of performing substantial gainful activity within the time frame of his disability benefits claim, that activity would suggest that the claimant was capable of work and not disabled. In this case, the ALJ notes that Plaintiff received significant income during the period for which he is claiming disability.
>
> Even though Plaintiff and Defendant focus on the substance of the ALJ's decision from steps two through five, both reference the step one issue. Defendant begins her brief by suggesting that the ALJ did not err in declaring that Plaintiff was not disabled because Plaintiff earned around $66,000 per year until 2012, which evidences his ability to work during the relevant time period. In response, Plaintiff questions why the ALJ effectively skipped over step one, but argues that he should be given the benefit of the ALJ's action.
>
> The Court cannot sua sponte determine whether Plaintiff satisfies step one - the ALJ must do so, definitively. The Court must therefore reverse the ALJ's decision, and remand the matter to the ALJ so that he can make the dispositive step one assessment he acknowledged was needed.

Merendino, 2016 WL 3041849, at *6.

---

[6] A district court, after reviewing the decision of the Secretary, may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Secretary's decision with or without a remand to the Secretary for a rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

13

The reasoning in <u>Merendino</u> equally applies to this case. The ALJ here stated unequivocally that Plaintiff's work in 2017 qualified as substantial gainful activity.  The regulations provide that "a person who is engaging in substantial gainful activity (SGA) is not eligible for payment of disability benefits."  SSR 84-25; <u>see also</u> 20 C.F.R. § 404.1574 ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity."). The ALJ should have stopped his analysis there.

The ALJ justified continuing with the sequential step analysis, however, because he found the job to be "temporary." Whether work activity is "temporary" is not a basis to render SGA-level work not substantial gainful activity at step one. Instead, work may not be considered SGA if it constitutes an "unsuccessful work attempt."  20 C.F.R. § 404.1574(c). Plaintiff has construed the ALJ's finding that his work in 2017 was "temporary" as an "unsuccessful work attempt."  Those two terms are not interchangeable.

The regulations explain, "Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, you were forced by your impairment to stop working or to reduce the

14

amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level . . . ." 20 C.F.R. § 404.1574(c)(1).  Additionally, "[t]here must be a significant break in the continuity of your work before we will consider you to have begun a work attempt that later proved unsuccessful," id. § 404.1574(c)(2), and "[i]f you worked 6 months or less[, w]e will consider work of 6 months or less to be an unsuccessful work attempt if you stopped working or you reduced your work and earnings below the substantial gainful activity earnings level because of your impairment," id. § 404.1574(c)(3).

Although the ALJ referred to Plaintiff's six-month employment in 2017 as "temporary," the ALJ did not explicitly undertake the analysis to determine that it was an "unsuccessful work attempt" as defined by the regulations.  In this case, SGA-level work does not qualify as SGA at step one only if that work constitutes an unsuccessful work attempt.[7]  Work is either SGA at step one, or it is not.  It cannot be both at the same time.

---

[7] Whether work is at the SGA level also considers the amount earned, and whether the claimant was working in a sheltered or special environment, had received other social security benefits, or worked in a volunteer program.  20 C.F.R. § 404.1574.  There is also a separate test for claimants who are self-employed.  20 C.F.R. § 404.1575.  None of these other considerations is at issue here.

15

That is effectively how the ALJ ruled at step one, which is in error for the same reasons this Court expressed in Merendino.

As another court in this District observed, "If a claimant were entitled to Disability Benefits prior to adjudication of disability based on the belief his or her disability was expected to last twelve months, regardless of his or her participation in substantial gainful activity, the Secretary would automatically skip to step two.  Step one would be rendered extraneous because a determination of disability would always depend on the severity of the illness." Monahan v. Sec'y of Health & Human Servs., 1993 WL 795258, at *11 (D.N.J. 1993), quoted in Merendino, 2016 WL 3041849, at *6.  In this matter, the ALJ's step one finding that Plaintiff's work in 2017 was SGA was obviated by the continuation of the sequential step analysis, thus "rendering extraneous" that first step.

To the extent that the ALJ intended that Plaintiff's work in 2017 was at the SGA level but did not constitute substantial gainful activity for the purposes of step one because it was an unsuccessful work attempt under 20 C.F.R. § 404.1574(c), the ALJ must explicitly make that finding based on the required considerations set forth in the regulations.  This Court cannot assume that by stating the work was "temporary," the ALJ must

16

have meant that it was an "unsuccessful work attempt." See Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010) (citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)) (explaining that the pinnacle legal principal is that a district court is not empowered to weigh the evidence or substitute its conclusions for those of the ALJ).

As the Court expressed in Merendino, "Even though the Court appreciates the ALJ's focus on the substance of Plaintiff's impairments, since the assessment of a claimant's impairments constitutes the heart of a disability benefits claim, the Social Security Act prohibits disability benefits from being awarded to a person who has engaged in any substantial gainful activity within 12 months of his alleged disability onset date. 42 U.S.C. § 423(d)(1)(A). This first step in the sequential step analysis, mandated by law, cannot be bypassed without a conclusive determination." Merendino, 2016 WL 3041849, at *5; see also Abramson v. Commissioner of Social Security Administration, 2020 WL 7022260, at *8 (D. Ariz. Nov. 30, 2020) (where at step one the ALJ noted that there was evidence in the record indicating that the plaintiff may have engaged in work activity since her amended alleged disability onset date, but where "the ALJ found it unnecessary 'to determine whether that

17

work activity constitutes disqualifying substantial gainful activity because there exists a valid basis on other grounds for denying her claim until her protective filing date,'" declining the plaintiff's "invitation to transform the ALJ's failure to render a conclusive step one determination into a conclusive determination in Plaintiff's favor.  The lack of a conclusive step one determination is an outstanding issue that must be resolved before a proper disability determination can be made in this case.").

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff is not totally disabled as of June 24, 2015 must be reversed and remanded because step one of the sequential step analysis must be established prior to the assessment of steps two through five.

An accompanying Order will be issued.

Date: February 9, 2021                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.